# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| BRIAN K. LAMPLEY,  Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:06-CV-392-PRC |
| POLLUTION CONTROL INDUSTRIES OF AMERICA,  Defendant. | ) ) ) ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 22], filed by Defendant on October 3, 2008. The Plaintiff has not filed a response to the Motion for Summary Judgment and the time to do so has now passed.

## PROCEDURAL AND FACTUAL BACKGROUND[1]

On November 27, 2006, Plaintiff Brian K. Lampley filed a Complaint in this Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1991, alleging wrongful termination on the basis of race. On January 29, 2007, Defendant filed an Answer.

On February 23, 2007, this case was reassigned to Magistrate Judge Paul R. Cherry. The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On October 3, 2008, Defendant filed a Motion for Summary Judgment. As of the date of this Order, Plaintiff has not filed a response to the Motion for Summary Judgment.

---

[1] Because the Plaintiff, the non-movant, failed to file a response, the Court constructs the factual background from Defendant's brief in support of summary judgment.

On December 3, 2002, Plaintiff, an African American, was hired as an at-will employee by Defendant. Defendant gives each employee a copy of its Employee Handbook ("the Handbook"), which purports to govern the course and scope of each employee's conduct while employed with Defendant. The Handbook includes a section on "Workplace Violence Prevention" and prohibits conduct that threatens or intimidates another employee. The Handbook provides that Defendant will investigate all reports of violations under this provision and that employees found responsible for making threats of violence in the workplace will be subject to disciplinary action up to and including termination of employment. The Handbook further provides that "[t]he type and sequence of any disciplinary action initiated will be determined by [Defendant] as a given situation dictates to maintain a harmonious and safe work environment." Def.'s Mot. Summ. J. Ex. E at 28.

Additionally, the Handbook contains an "Alcohol-Free and Drug-Free Workplace Policy" which provides that Defendant may conduct alcohol testing of employees if it has a reasonable suspicion that an employee is under the influence of alcohol in the workplace.

On January 6, 2006, Plaintiff's supervisor, Eric Miller, received a report from another employee that Plaintiff's breath smelled like alcohol while he was at work. Pursuant to the Handbook, Mr. Miller took Plaintiff to St. Catherine's Occupational Health facility to receive a breath alcohol test. While waiting for Plaintiff to get tested, Plaintiff told Mr. Miller "you will pay for this one." This comment was overheard by a nurse sitting nearby. After the comment, Mr. Miller asked if Plaintiff was threatening him, which, according to the nurse, Plaintiff replied "yes." Def.'s Mot. Summ. J. Ex. C. Defendant subsequently suspended Plaintiff pending an investigation into the allegations that he had violated the Handbook by threatening a supervisor. After Defendant received confirmation that Plaintiff threatened Mr. Miller, Plaintiff was terminated.

# SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other

materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

**ANALYSIS**

Local Rule 7.1(a) provides that "[f]ailure to respond or reply within the time prescribed may subject the motion to summary ruling." N.D. Ind. L.R. 7.1(a). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. U.S.*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Koszola v. Board of Education*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (upholding the trial court's strict enforcement of local rules on summary judgment); *Franklin v. U.S. Steel Corp.*, No. 2:04-CV-246, 2006 WL 905914, at *1 (N.D. Ind. Apr. 7, 2006); *Jones v. Union Tank Car Co.*, No. 05-CV-22, 2006 WL 1195218, at *1 (N.D. Ind. May 4, 2006).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Fed.R.Civ.P. 56(e). The Rule further states that summary judgment, if appropriate, shall be entered against a party who fails to respond as provided in the Rule. *See* Rule 56(e). Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

In the instant case, the Plaintiff has not raised any genuine issue of material fact in response to summary judgment and the law supports judgment in favor of the Defendant.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals

race . . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may meet his burden of proof under Title VII by offering direct evidence of the defendant's discriminatory intent or by proving disparate treatment through the indirect method. *Contreras v. Suncast Corp.*, 237 F.3d 756, 759 (7th Cir. 2001). Under the direct method, the plaintiff must show either through direct or circumstantial evidence that the employer's decision to take the adverse employment action was motivated by an impermissible animus, such as the plaintiff's race. *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 938-39 (7th Cir. 2003). Where a plaintiff fails to establish discrimination under the direct method, the plaintiff may still meet his burden through showing discriminatory treatment under the indirect, burden-shifting method. *Contreras*, 237 F.3d at 759. Under the burden-shifting method, established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the plaintiff has the initial burden of establishing a prima facie case of race-based discrimination. *Id.*

To establish a prima facie case under *McDonnell Douglas*, a plaintiff must show that (1) he is the member of a protected class; (2) he was performing his job according to the employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated more favorably by the employer. *Atanus v. Perry*, 520 F.3d 662, 672-73 (7th Cir. 2008). If the plaintiff establishes his prima facie case, then the defendant must state a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant offers a legitimate, non-discriminatory reason, then the burden shifts back to the plaintiff to come forward with evidence showing that the stated reason is pretextual. *Id.* at 804.

The Court's review of Plaintiff's Complaint reveals that Plaintiff has failed to allege any facts showing direct evidence of discrimination. Therefore, Plaintiff must proceed under the indirect, burden-shifting method.

Defendant contends that even under the indirect method, Plaintiff fails to establish a genuine issue of material fact as Plaintiff cannot satisfy his initial burden of establishing a prima facie case of discrimination. Defendant does not dispute that Plaintiff is able to meet the first three prongs of the prima facie case.[2] However, Defendant disputes that Plaintiff can establish that there were similarly situated employees outside the protected class who were treated more favorably by the Defendant.

A plaintiff may demonstrate that another employee is similarly situated by showing that there is someone who is directly comparable to the plaintiff in all material respects. *Bottoms v. Ill. Dep't of Human Servs.*, 281 F. App'x 561, 564 (7th Cir. 2008). In this context, a similarly situated employee is one who shared the same supervisor, performance standards, and engaged in similar conduct to plaintiff without such differentiating or mitigating circumstances that would "distinguish their conduct or the employer's treatment of them." *Peirick v. Indiana Univ.-Purdue Univ.,* 510 F.3d 681, 688 (7th Cir. 2007).

In the Complaint, Plaintiff points to three other employees who he claims are similarly situated, but were treated more favorably than him: (1) Art Cadena, (2) Ronald Artest, and (3) James Heiser. The Court evaluates each in turn.

Plaintiff's Complaint alleges that Art Cadena, one of Defendant's white employees, engaged in belligerent and threatening behavior towards a fellow employee and was only disciplined with a written warning. Defendant contends, and the exhibits attached to its Motion for Summary Judgment support, that Mr. Cadena was actually written up for making inappropriate, non-threatening, comments to medical personnel when he had to undergo a work physical. Unlike

---

[2] Defendant concedes that Plaintiff is African-American, agrees that the Court can assume that Plaintiff met Defendant's legitimate expectations, and that Plaintiff suffered an adverse employment action. Def.'s Mot. Summ. J. 4.

Plaintiff, Mr. Cadena did not make any threatening comments. Further, even though Mr. Cadena made inappropriate comments, such comments were not made to fellow co-workers or supervisors. Given that Mr. Cadena was not written up for making threatening comments to any co-worker or supervisor, Plaintiff has failed to show that Mr. Cadena engaged in similar conduct. Accordingly, Mr. Cadena is not similarly situated to Plaintiff in all material respects.

Next, Plaintiff's Complaint alleges that Ronald Artest, another of Defendant's employees, was disciplined for being intoxicated, but was only sent home. A review of Defendant's supporting exhibits, however, shows that Mr. Artest was disciplined for an unauthorized absence and not for being intoxicated. Defendant's supporting exhibits show that Mr. Artest came to work, left early, and failed to return. Mr. Artest did not threaten any co-worker or supervisor. Plaintiff has failed to show that Mr. Artest engaged in similar conduct, and, accordingly, Mr. Artest is not similarly situated to Plaintiff in all material respects.

Finally, Plaintiff's Complaint alleges that James Heiser, a white employee of Defendant, was disciplined for belligerent and threatening behavior towards a fellow employee and insubordination towards a supervisor, but only received a three day suspension. Defendant contends that Mr. Heiser was actually disciplined for insubordination for refusing to work overtime and not for making threats to a supervisor. Defendant's exhibits indicate that Mr. Heiser was asked by his supervisor, who was not Plaintiff's supervisor, to work overtime. Mr. Heiser made an obscene comment to his supervisor and then punched out, leading to him being disciplined for insubordination and refusal to work overtime. Unlike Plaintiff, Mr. Heiser was not disciplined for threatening his supervisor, and Defendant's supporting exhibits fail to show that Mr. Heiser's supervisor even interpreted his obscene comments as threatening. Accordingly, Plaintiff has failed to show that Mr. Heiser shared

the same supervisor as him or that he engaged in similar conduct.  Therefore, Plaintiff has failed to show that Mr. Heiser is similarly situated to him in all material respects.

Accordingly, Plaintiff has failed to establish a genuine issue of material fact regarding whether there are similarly situated employees outside the protected class who were treated more favorably for purposes of establishing his prima facie case.  Therefore, this Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

## CONCLUSION

Accordingly, based on the forgoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 22] against Plaintiff.  Summary judgment is hereby **ORDERED** in favor of Defendant Pollution Control Industries of America, Inc., against Plaintiff Brian K. Lampley.  Plaintiff Brian K. Lampley shall take nothing by his Complaint in this case against Defendant Pollution Control Industries of America, Inc.

SO ORDERED this 20th day of November, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record